(19 App. Div. 494.)

## WARNER v. ZEUCHEL.

(Supreme Court, Appellate Division, Third Department.   July 6, 1897.)

1. PLEADING AND PROOF—VARIANCE.

When an action is brought for goods sold and delivered, and proof is made, without objection, of money expended and work done for the defendant, constituting a part of the amount claimed, the variance is immaterial.

2. CONDITIONAL SALE—RETAKING CHATTELS.

The provisions of Laws 1896, c. 601, relating to the method of selling chattels, retaken after a sale under an agreement that the title shall remain in the vendor until payment of the price, are for the benefit of the vendee, may be waived by him, and do not prevent the making of a valid contract for the sale of such chattels in a different manner.

3. SAME—ACTION FOR PRICE—RESALE.

When chattels sold, under an agreement that the title shall remain in the vendor until payment of the price, are retaken, the vendor is not obliged to sell them, before bringing an action against the vendee for the price, but must sell before the trial, in order to measure the damages due him.

Appeal from Albany county court.

Action by Luther C. Warner, as receiver, against John Zeuchel. From a judgment of the county court, affirming a judgment of the city court dismissing the complaint, plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Spalding & Daring, for appellant.

J. F. Montignani, for respondent.

LANDON, J.   The action was brought to recover $33.75 balance alleged to be due from defendant to the plaintiff upon a contract for the sale of a bicycle, and $15.35 for goods sold and delivered to the plaintiff by one Sanders, of whose property plaintiff is the receiver. The evidence was to the effect that Sanders sold the bicycle to the defendant for $75, to be paid in installments.   Defendant paid $41.25, and defaulted in further payments.   The plaintiff then took possession of the wheel, and after this suit was commenced, but before the trial, sold it at private sale for $10.   Sanders testified that he sold the defendant sundries, such as lamps, bells, cyclometers, etc., paid express, and made repairs to wheel, total amounting to $15.35.   As no objection was taken upon the trial that the express charge was paid, and the price of the repairs to defendant's wheel was included in the amount charged him for goods sold, and as Sanders' evidence was not contradicted, the variance between the pleadings and proof should have been disregarded as immaterial.   The account and its amount were not disputed, and we do not see why the plaintiff should not have been permitted a recovery.

As to the bicycle, the contract for its sale was executed in duplicate, and one duplicate was delivered to the purchaser, as required by chapter 601, Laws 1896, in case the title of the bicycle is to remain in the vendor until the payment of the purchase price.   That act provides that in case the vendor retakes the bicycle, and the purchaser does not pay the amount due thereon in 30 days thereafter, the vendor may sell the same at public auction, after giving him at least 15 days' written

notice demanding payment of the unpaid balance and expenses, and of the time and place of sale, if such payment be not made. This provision is ostensibly for the benefit of the purchaser, but, if he is competent to contract, he is not thus deprived of the privilege of making the contract to suit himself. Any one can waive a statutory, or even a constitutional, privilege in his favor, where public policy is not thereby contravened. People v. Quigg, 59 N. Y. 83; Phyfe v. Eimer, 45 N. Y. 102. Perhaps, with respect to household goods, mentioned in the same statute, a different rule, upon grounds of public policy, should apply. Kneetle v. Newcomb, 22 N. Y. 249. Here the written contract between the parties provided, in effect, that the vendor, upon retaking possession of the bicycle, might sell it at public or private sale, apply so much of the proceeds as should be necessary to pay the balance due upon the contract, and pay the surplus, if any, to the defendant, and that in case of deficiency the defendant would pay the amount thereof · to the vendor. It being competent for the parties to make such a contract, its terms should govern.

It is objected that the suit was brought before the plaintiff sold the bicycle. The plaintiff sold it before the trial. When the plaintiff retook the bicycle, the defendant owed him the balance unpaid upon it, and the plaintiff held the bicycle as collateral security. The plaintiff was not obliged to sell it before his cause of action could accrue. De Cordova v. Barnum, 130 N. Y. 615, 29 N. E. 1099. But he was obliged under the contract to sell it in time to be able to measure upon the trial the damages due him. This he did. The fairness of the sale is not attacked.

The judgments of the county and city courts should be reversed, with costs. All concur.