.Appeal from Municipal Court of Buffalo.

Action by Agnes Hoffman against the White Sewing Machine Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ernest F. Kruse, for appellant.

Otto W. Vogler, for respondent.

WILLIAMS, J. The judgment should be reversed, with costs, and judgment ordered for plaintiff for $38 and costs. The action was brought under chapter 762, p. 1624, Laws of 1900, to recover the amount paid by plaintiff upon a sewing machine under a contract for the conditional sale thereof; defendant retaining title. The court sustained plaintiff's claim, holding the contract was one covered by the statute, and that the plaintiff was entitled to recover the money paid by her, $48, and defendant to counterclaim $10, expense of replevin suit to recover the machine from plaintiff. The court further held that the defendant was entitled to set off the rental value of the machine while it was in the plaintiff's custody, and allowed such rent as an offset so far as to wipe out the plaintiff's claim, and then ordered judgment in favor of the defendant for the $10 counterclaim, besides costs.

There can be no doubt that the contract, though in form a sort of lease, was in effect a conditional sale of the machine, title to remain in the defendant until the property was paid for. The court so found, and the evidence justified the finding. The court further held that the money paid, though referred to in the contract as rent, was recoverable under the statute as money paid on a conditional sale of property, and held the plaintiff was entitled to the same, less the $10, expense of the replevin proceeding. See Roach v. Curtis, 115 App. Div. 768, 101 N. Y. Supp. 333. So far the court was correct in its conclusions. But it erred in holding that the defendant was entitled to be paid rent for the machine while plaintiff held it under the conditional sale. In effect this permitted the defendant to retake the machine and also recover the purchase price thereof. This will not do. White v. Gray, 96 App. Div. 154, 89 N. Y. Supp. 481; Edmead v. Anderson, 118 App. Div. 16, 103 N. Y. Supp. 369. To permit a recovery here would entirely nullify the statute under which this action was brought. The cases cited by the court as ground for its decision arose prior to the statute in question.

Judgment of Municipal Court of city of Buffalo reversed, and new trial ordered in said Municipal Court, with costs to appellant to abide event. New trial to be had on Tuesday, January 28, 1908, at 10 o'clock in the forenoon. All concur.