### ADLER v. WEIS & FISHER CO.

(Supreme Court, Trial Term, Monroe County. November 18, 1909.)

1. SALES (§ 479*)—CONDITIONAL—RIGHTS AS TO RESALE—WAIVER.
   The provision of Lien Law (Laws 1897, p. 541, c. 418) § 116, as amended by Laws 1900, p. 1624, c. 762, that, where the seller retakes articles sold on condition that title remain in him till payment of the price, he must sell them at public auction within 30 days thereafter, unless they have been redeemed by the buyer, or be liable to the buyer for the amount paid on such articles, may be waived by the buyer, otherwise than in the case of household furniture for family use, where public policy forbids.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1435; Dec. Dig. § 479.*]

2. SALES (§ 479*)—CONDITIONAL—RIGHTS AS TO RESALE—WAIVER.
   The right, under Lien Law (Laws 1897, p. 541, c. 418) § 116, as amended by Laws 1900, p. 1624, c. 762, of one buying articles on condition of title remaining in the seller till the price is paid, to have the seller, retaking them, sell them at public auction, within 30 days thereafter, or be liable to the buyer for the amount paid by him thereon, is waived by the con-tract of sale providing that the seller, retaking the articles for default in payment, may sell them "at public or private sale at any time," and that, if enough is not obtained on such sale to pay the debt, the buyer will pay the deficiency.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1435; Dec. Dig. § 479.*]

Action by Simon L. Adler, trustee, against the Weis & Fisher Com-pany. Defendant moves on the minutes to set aside the verdict directed for plaintiff, on exceptions taken at the trial. Motion and new trial granted.

John J. McInerney, for the motion.
Ernest B. Millard (Isaac Adler, of counsel), opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOOTE, J.   A more careful examination of the questions presented in this case than I was able to make at the trial leads to the conclusion that an error was committed in directing a verdict for plaintiff.   In January, 1908, the defendant company sold to the Rochester Sanitarium & Baths Company a quantity of furniture to equip and furnish a building for the maintenance of a Turkish bath.  The contract price for the furniture was $6,379.78, and by the contract this was to be paid at the rate of $50 per week.  These payments were regularly made until about the 15th of the following December, during which time $2,800 of the purchase price had been paid.  About this time the Rochester Sanitarium & Baths Company became involved in financial difficulties, as the result of which it was adjudged bankrupt in March following. There was a written contract between defendant and the Rochester Sanitarium & Baths Company by which the title to the furniture sold was to remain in defendant until the purchase price was paid.  This contract contained the following clause:

"And if default shall be made in any of the payments provided for herein, * * * then the said Weis & Fisher Company, or its representatives, may enter upon and into the premises where said property may be, and take possession of the same without legal process, and may sell the same at public or private sale at any time without any notice to me, and if upon such sale enough is not obtained to pay said debt and cost of removal, sale, and storage, I will pay the deficiency."

Some time in December, 1908, after the Rochester Sanitarium & Baths Company had defaulted in its payments, defendant took possession of the furniture and sold it from time to time at private sale without notice to the conditional vendee.  Little, if any, of it was sold within 60 days, and a very considerable part of it was not sold until the day before this action was tried.  The plaintiff was appointed trustee in bankruptcy of the Rochester Sanitarium & Baths Company, and brings this action to recover the $2,800 which that company had paid toward the purchase price of this furniture, with interest thereon, basing his right to recover upon section 116 of the lien law (Laws 1897, p. 541, c. 418, as amended by Laws 1900, p. 1624, c. 762).  This section is as follows:

"Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee, or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction.  Unless such articles are so sold within thirty days after the expiration of such period, the vendee, or his successor in interest, may recover of the vendor the amount paid on such articles by such vendee, or his successor in interest, under the contract for the conditional sale thereof."

It was not claimed at the trial that defendant had realized from the sale of this furniture more than enough to pay the balance of its purchase price after applying the $2,800 which the Rochester Sanitarium & Baths Company had paid.  On the contrary, defendant's evidence

tended to show that the amount realized was less than the balance due; but plaintiff rested his right of recovery solely upon that part of section 116 of the lien law above quoted, which provides that, unless the articles retaken are sold within the 30 days therein mentioned, the vendee, or his successor in interest, may recover of the vendor the amount paid on such articles by the vendee. This presents the question as to whether this provision of the statute can be waived by the parties to contracts of conditional sale, and, if so, whether it was in fact waived in this case.

As to contracts relating to household furniture for family use, the weight of authority seems to be that, on account of the public policy involved, this provision of the statute cannot be waived. Roach v. Curtis, 115 App. Div. 773, 101 N. Y. Supp. 333, affirmed 191 N. Y. 387, 84 N. E. 283. But, although the contract in this case dealt with furniture, it was not furniture for a family or household, but for a commercial business, and the rule recognized in Roach v. Curtis as respects the public policy involved as regards household furniture for family use, founded as it is upon the leading case of Kneettle v. Newcomb, 22 N. Y. 249, 78 Am. Dec. 186, where an unsuccessful attempt was made to waive the statutory exemption of this class of property from levy and sale on execution, does not necessarily apply to the contract here. Indeed, the Court of Appeals, in affirming the decision below in Roach v. Curtis, expressly refrains from passing upon the question, holding that, assuming the waiver made in that case to be valid, it did not purport to waive the right to recover the purchase money already paid.

But the question of the legal validity of waivers in contracts of conditional sale of the statutory rights and privileges of the vendee not relating to household furniture was considered and determined in the case of Warner v. Zuechel, 19 App. Div. 494, 46 N. Y. Supp. 569, where there had been a conditional sale of a bicycle, and it was there distinctly held that these statutory provisions were ostensibly for the benefit of the purchaser, and, if he is competent to contract, he is not thus deprived of the privilege of making the contract to suit himself, and any one can waive a statutory or even a constitutional privilege in his favor, where public policy is not thereby contravened. In the absence of more controlling authority, I think it must be held, upon the authority of this case, that it was competent for the Rochester Sanitarium & Baths Company to incorporate in the contract of conditional sale the provisions for waiving the benefit of these clauses in section 116 of the lien law.

The next question is: Did the contract as made expressly or by necessary implication waive the right to recover the purchase money already paid, in case defendant failed to sell the property at either public or private sale within the 60 days required by the statute? After providing for taking possession by the vendor on default of payment, the provision of the contract is that the vendor—

"may sell the same at public or private sale at any time without any notice to me, and if upon such sale enough is not obtained to pay said debt and cost of removal, sale, and storage, I will pay the deficiency."

This certainly is a waiver of the statutory requirement that the sale should be had within 60 days, for it may be had "at any time."

But plaintiff contends that there is no express waiver of the statutory right to recover the purchase price already paid, and that, therefore, that right continues. Undoubtedly this contract must be considered made with reference to the statute, and all provisions of the statute apply to the contract, except such as are waived. But the statute permits a recovery of the purchase price already paid only in case of failure to sell the property within 60 days. The contract expressly waives the statutory requirement of a sale within 60 days, and permits it to be made at any time. As defendant has strictly performed the contract on its part, and complied with all parts of the statute which remain applicable, it is not in default in any respect, and cannot rightly be charged with a liability imposed by the statute for a dereliction of duty only.

The statutory requirement of a sale within 60 days being effectually waived, the liability arising only from failure to sell within that time is necessarily waived also. Such was the manifest intent of the parties, and such must be the legal effect of the waiver. Moreover, the clause in the contract by which the vendee agreed to pay the deficiency after a sale made at any time necessarily implies that the vendor is to retain the amount already paid.

It follows that the direction of a verdict for plaintiff was error, and that defendant's motion to set aside the verdict and for a new trial must be granted, with $10 costs of this motion.