lifetime. The life tenant has lost not only the enjoyment of the valuable porcelains that were given her by her husand, but has nothing whatever in the place thereof. Mrs. Warren yielded to the importunities of her son, the remainderman and one of the executors, for the sake of quieting him, and he apparently at the same time, by his written confessions or statements, endeavored to deceive her as to the disposition he had made of the proceeds of these porcelains and his own financial condition; and the executors consented, in order so far as they might to keep peace in the family and quiet the importunities of the son and coexecutor, and permitted him to turn these porcelains into cash, relying on his promises and agreements. The failure of G. Thornton Warren to carry out his agreement has caused a condition which requires the intervention of the court to restore as far as possible to this widow and life tenant that which her husband intended for her enjoyment and of which her son has deprived her. I think the plaintiffs should recover.

Findings may be submitted on behalf of the plaintiffs in accordance herewith, and judgment entered thereon, with costs.

---

BUTLER v. PEOPLE'S FURNITURE CO.

(Supreme Court, Special Term, Erie County. July 12, 1910.)

1. SALES (§ 467*)—CONDITIONAL SALES—WAIVER OF STATUTORY PROVISIONS.
    Plaintiff's assignor bought goods under contracts, retaining title in the seller, and providing for installment payments, to be retained by the seller as rent in case of default, and specifically waived benefit of any statutes inconsistent with the "lease." The seller bought back the property at private sale. *Held*, that the assignor waived the benefits of Personal Property Law (Consol. Laws, c. 41) §§ '65, 66, providing that personalty sold with title retained until payment, retaken by the seller, shall be retained for 30 days, and that after expiration thereof, if the contract is not complied with, the goods may be publicly sold, and that, unless so sold within 30 days after the first period of 30 days, the amount on the contract may be recovered, and plaintiff could not recover thereunder.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1354, 1358–1364; Dec. Dig. § 467.*]

2. SALES (§ 464*)—CONDITIONAL SALES—PARTIAL PAYMENT AS RENT.
    The provision making partial payments rent in case of default was valid, and would preclude a recovery.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1352; Dec. Dig. § 464.*]

Appeal from City Court of Buffalo.

Action by Mary E. Butler against the People's Furniture Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

The opinion of Hodson, J., in the court below, is as follows:

This action is brought by the plaintiff to recover the amount paid upon certain conditional contracts of sale of personal property, made by the defendant with Frank M. Butler, the husband of the plaintiff. The sum of $358 was demanded in plaintiff's complaint, but on the trial of the action it was stipulated that, if the plaintiff was entitled to recover, the amount should be $211, with interest.

The proof shows that said Frank M. Butler entered into many written contracts with the defendant, running over a long period of time, whereby

he agreed to purchase certain items each time, and the defendant agreed to sell the same to him upon his making certain installment payments; but the contracts further provide that, in case of the nonpayment of any of such installments, then that all previous payments made upon such conditional purchases should be retained by the defendant as and for the rental value of such property while used by such purchaser. The proof also shows that before the commencement of this action, and on November 14, 1909, the plaintiff became the purchaser from said Frank M. Butler of his cause of action against the defendant herein; and it is also undisputed in the case that long prior to the commencement of this action, and in May, 1908, the defendant retook said property, and went through the form of a private sale thereof, purchasing the same on such sale, and thereby deprived the said Frank M. Butler and the plaintiff of said property, and retained same for their own use, and that, at that time, there was $46.09 still due upon such contracts and remaining unpaid by the said Frank M. Butler or his assignee.

This action is brought under sections 65 and 66 of the personal property law (Consol. Laws, c. 41) of this state, which provides that "whenever personal property is sold upon the condition that the title thereto shall remain in the vendor until the payment of the purchase price, and are retaken by the vendor, they shall be retained in his possession for the period of thirty (30) days, to give the purchaser an opportunity to comply with the terms of the contract and obtain the property, and that, after the expiration of said period, if such terms are not complied with, the vendor may sell such property at public auction." The statute further says that, unless such articles are so sold within the next 30 days after the expiration of such first period of 30 days, the vendee, or his successor in interest, may recover of the vendor the amount paid on such contract. Further provision is made for the giving of 15 days' notice of such sale to the vendee or his successor in interest.

It will be noted that this action is not brought by the vendee, Frank M. Butler. His wife, the plaintiff, claims to be his successor in interest as to such property and his rights under such contracts, although it nowhere appears in this case that the defendant was ever notified that the plaintiff was such successor in interest. Said purchaser, Frank M. Butler, signed and delivered to the defendant, at the time of the making of said contracts, the following instrument: "I do hereby specifically release and waive any and all benefit and advantage by virtue of any and all statutes contrary to or inconsistent with the terms of this lease."

So it will be seen that the question presented is whether the plaintiff, as such alleged successor in interest of Frank M. Butler, is entitled to the benefits of this statute; and, although the amount involved in this case is not large, yet it is urged that the construction of this statute, and the rights of the parties under it, is of vast importance, because of the many similar cases which are said to exist. It is asserted that there is not a city in the land where there is, proportionately, so many conditional sales and so many installment dealings as in Buffalo; and this is probably due to the fact that the population is largely industrial. It is all the more remarkable, under such conditions, that this question has not been clearly raised and finally adjudicated by our courts, and, although cases involving some phases of the question here presented have been decided, yet some of the issues involved in this case have remained unsettled, and it becomes the duty of this court to send the case along to the upper courts, to the end that final and conclusive authority may be had for the guidance of the many interested parties, who are now uncertain as to their rights and duties.

The case of Hoffman v. White Sewing Machine Co., 123 App. Div. 166, 108 N. Y. Supp. 253, arose in this city, but that case was decided upon a straight-out contract of sale, providing only for a complete title to the property when final payment was made, and it does not appear in the case that there was any clause in the contract providing that the installments paid should be considered as rent of the property, in case of failure to pay in full; for it is believed that, if the parties agree that partial payments made on the contract shall be considered as rent, then there is no public policy

requiring the court, on these facts, to deliberately set aside such agreement and hold that the case comes within the purview of the statute cited.

The plaintiff's counsel has also called the court's attention to the Court of Appeals decision in the case of Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703, which involved the purchase of a bicycle; but it seems to me that this decision confirms the theory that there is a vast difference between contracts which provide that payments made shall be considered as rent, and those which deal only with the purchase of the property, and in that case, even in the absence of a clause in the contract relating to rent, the prevailing opinion adheres to the principle that the purchaser should pay rent as compensation for the wearing out of the property, and that such rent was a proper counterclaim in the case. The opinion of Mr. Justice Laughlin in the case of Fairbanks v. Nichols, 135 App. Div. 298, 119 N. Y. Supp. 752, seems to recognize the validity of a clause in the contract providing that the payments shall be considered as rent in certain contingencies, and holds that the Legislature, by the enactment of this law, has not attempted to supervise the agreements between vendors and vendees.

But there is another important question involved in this case, which relates to the waiver by the purchaser of all benefits under this statute. Let us assume that this law would authorize a recovery by Frank M. Butler, the purchaser. Has he not waived such recovery or right of action for the payments he has made by signing the agreement of waiver hereinbefore set out? And can the plaintiff, as the successor in interest, recover those payments after such waiver by him? If the purchaser has no cause of action against the defendant, either because he has waived it, or for any other reason, then, clearly, the plaintiff obtained none by the assignment of November 14, 1909, and cannot recover; and this is so, even though no proceedings were taken by the defendant in the sale of the goods, as required by the statute in question, for, if the purchaser was not entitled to notice of sale, then the plaintiff, claiming no more rights than he had, would not be entitled to such notice. In other words, the rights and interests of the plaintiff and purchaser are so interconnected that it is plain that, if the purchaser could not recover upon the facts as they existed at the time he made the assignment, then the plaintiff obtained no greater rights than he himself had.

The plaintiff's counsel lays great stress upon the decision in the Roach Case, reported in 115 App. Div. 765, 101 N. Y. Supp. 333, and affirmed in 191 N. Y. 387, 84 N. E. 283, and urges that the inference to be drawn from the reasoning in that case is that if the court has not there decided against the validity of a waiver by the purchaser, as claimed by the defendant in this case, both the Appellate Division of this Department and the Court of Appeals would undoubtedly take such position if this question of law were squarely presented to them. In the case mentioned it is not decided that such a waiver as exists in this case would not be a defense, and, unless the courts desire to supervise and reconstruct the contracts of parties, I do not believe that any such decision will ever be made, and yet I desire to make this decision so plain that all the questions involved in the case can be squarely presented to the appellate courts. I am satisfied that the decision of Woodman v. Needham, 47 Misc. Rep. 684, 94 N. Y. Supp. 371, Adler v. Weis, 66 Misc. Rep. 20, 119 N. Y. Supp. 634, and Fairbanks v. Nichols, 135 App. Div. 298, 119 N. Y. Supp. 753, are all authorities which help this court very much in coming to a determination upon at least one of the questions involved here, viz., that the purchaser, Frank M. Butler, has waived any cause of action under this statute for the payments made by him on the contracts, and the plaintiff cannot now recover such payments back because of such waiver.

I also hold that the provision in the contracts, whereby partial payments made shall be considered as rent in case the purchaser defaults, is a valid and binding agreement on the part of the purchaser, and precludes him and his successor in interest from recovering under this statute.

For the reasons stated, I am of the opinion that the plaintiff has failed to establish her cause of action, and judgment should be entered for the defendant, dismissing the complaint on the merits, with costs.

Carlton H. White and Charles Newton, for appellant.
Edward T. Durand, for respondent.

WOODWARD, J. Judgment of the City Court of Buffalo affirmed, with costs.• The opinion of the court below contains a full statement of the law and the facts.

---

WAY v. HAYES et al.

(Supreme Court, Special Term, Ulster County. February, 1910.)

1. INJUNCTION (§ 132*)—TEMPORARY INJUNCTION—RIGHT TO WRIT.

A temporary injunction, granting all the relief that can be obtained by a party at the end of the litigation, will not be granted, unless it clearly appears that plaintiff's contention is correct in the main, and that his rights will be seriously injured by permitting defendant to proceed as he is attempting or threatening to do.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 132.*]

2. STATES (§ 193*)—MORTGAGES—FORECLOSURE.

Where default had been made in the payment of interest on a mortgage to the state commissioners for loaning money of the United States, the fact that a part of the property mortgaged had been condemned by the city of New York for public purposes, and an award made therefor in excess of the amount due on the mortgages, was not ground for restraining the commissioners from foreclosing the mortgage; they being given no discretion, but being required to foreclose on default by Finance Law (Consol. Laws, c. 56) § 90.

[Ed. Note.—For other cases, see States, Dec. Dig. § 193.*]

3. STATES (§ 124*)—LOAN COMMISSIONERS—POWERS.

The state commissioners for loaning money of the United States have no power to agree to relinquish the lien of a mortgage on land and hold the lien against an award made for condemnation of part of the land for public use.

[Ed. Note.—For other cases, see States, Dec. Dig. § 124.*]

Suit by Orland E. Way against Augustus Hayes and another, commissioners for the loaning of money of the United States of the county of Ulster. On application for temporary injunction. Denied.

Arthur A. Brown and Harrison T. Slosson, for plaintiff.
Elting & Darrow, for defendants.
Archibald R. Watson, Corp. Counsel (John J. Linson, of counsel), for City of New York.

BETTS, J. In this action the plaintiff seeks to restrain the defendants from proceeding with the foreclosure of certain mortgages upon premises described in said mortgages, alleging as his right to maintain said action that a certain award has been made by commissioners of appraisal duly appointed to the owners of said premises for their value in condemnation proceedings taken by the city of New York for a portion of said premises, that the amount of said award is greatly in excess of the amount due upon the mortgages, and that the plaintiff is the owner of said award and of the equity of redemption in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes