MOORE v. BLOOMINGDALE et al.

(Supreme Court, Appellate Term.   December 8, 1910.)

1. SALES (§ 54*)—CONTRACT—CONSTRUCTION.

A contract of sale on a printed form, which was retained by the seller after being signed by the buyer, to whom no copy was ever delivered, must be construed strictly against the seller, when offered by him in an action between the parties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 152;  Dec. Dig. § 54.*]

2. SALES (§ 469*)—CONDITIONAL SALE—CONTRACT.

A contract for the sale of a piano, which provided that title should remain in the sellers until a certain sum was paid to them in installments, when a bill of sale would be delivered to the buyer, was a sale conditioned upon the payment of the monthly installments stipulated.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1357;  Dec. Dig. § 469.*]

3. SALES (§ 481*)—CONDITIONAL SALES— REMEDIES OF BUYER — RECOVERY OF PRICE PAID—WAIVER.

A provision of a conditional contract for the sale of a piano, which provided that the buyer thereby waived "all notices of said sale of whatever nature and also advertisements," did not waive the buyer's right to sue under Consol. Laws, c. 41, § 65, providing that whenever articles are sold upon condition that title remain in the vendor until payment of the price, and are taken by the vendor. they shall be retained for 30 days, and after the expiration of such period, without compliance with the contract by the vendee, the vendor may sell the articles at public auction, and unless they are so sold within 30 days thereafter the vendee may recover the amount paid on such articles ; the contract at most waiving service of notice of sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455;  Dec. Dig. § 481.*]

4. EXEMPTIONS (§ 92*)—SALES (§ 481*)—CONDITIONAL SALES—REMEDIES OF BUYER—RECOVERY OF PRICE PAID—WAIVER—EXEMPTION.

An agreement in a conditional contract of sale, waiving all homestead and other exemption rights with reference to the piano sold, is void as against public policy, the piano being a part of the buyer's household goods; and hence such provision will not be construed to effect a waiver by the buyer of the right to sue under Consol. Laws, c. 41, § 65, authorizing the buyer to recover the amount paid on articles sold upon condition that title remain in the seller, upon the seller's failure to sell them at public auction, after retaking them, and after the buyer has failed for a certain time to comply with the contract.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 115;  Dec. Dig. § 92;*  Sales, Cent. Dig. §§ 1449–1455;  Dec. Dig. § 481.*]

5. SALES (§§ 19, 20*)—CONDITIONAL SALES—CONTRACTS—CONSIDERATION.

A contract for the conditional sale of a piano, executed while a similar contract between the parties for the sale of the same piano was in force. differing from it only as to the amount to be paid, which was the balance due on the original contract, was not valid, not being supported by any consideration.

[Ed. Note.—For other cases, see Sales, Dec. Dig. §§ 19, 20.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Annie Mackin Moore against Samuel J. Bloomingdale and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

William C. Findlay, for appellant.
C. Bertram Plante, for respondents.

GAVEGAN, J. This action was brought under section 65 of chapter 45 of the Laws of 1909, known as chapter 41 of the Consolidated Laws, to recover the sum of $216 paid by the plaintiff upon a piano under a contract which provided that title to the same should remain in the defendants until the sum of $250 was paid, when a bill of sale would be delivered to plaintiff.

It was conceded upon the trial that the contract of which the above is the substance was made; that in pursuance of the terms thereof the sum of $216 was paid; that by reason of plaintiff's default in the payment of installments the defendants retook the piano on February 1, 1910, and still had it in their possession at the time of the trial, which was on June 10, 1910.

Section 65 of the statute above referred to provides in substance that whenever articles are sold upon condition that the title thereto shall remain in the vendor until payment of the purchase price, and the same shall be taken by the vendor, they shall be retained for a period of 30 days, during which period the vendee may comply with the terms of the contract and retake the property. After such period the vendor may sell the articles at public auction, and unless they are so sold within 30 days thereafter the vendee may recover the amount paid on such articles. By the concessions made at the trial, plaintiff has established a prima facie case under the statute.

Defendants contend, however, that the agreement entered into between the plaintiff and themselves is not a conditional sale, but a lease of the piano to plaintiff, and, further, that in said agreement plaintiff expressly waived any cause of action she may have had under the statute. The agreement itself is in a printed form, and when it was signed by the plaintiff was placed upon defendants' files, and no copy ever delivered to the plaintiff. Such agreements must be construed strictly against the person offering them. Applying this rule, I am of the opinion that the agreement entered into was in effect a conditional sale. If the so-called rent had been paid, the title to the piano would have been vested in the plaintiff. It was a sale, therefore, conditioned upon the payment of a certain sum monthly. Roach v. Curtis, 115 App. Div. 768, 101 N. Y. Supp. 333; Hoffman v. White Sewing Machine Co., 123 App. Div. 166, 108 N. Y. Supp. 253.

A careful examination of the contract convinces me that the plaintiff did not waive the provisions of the statute. The portion therein relied on by the defendants as a waiver reads:

"I hereby waive all notices of said sale of whatever nature and also advertisements. * * * I hereby waive all rights of homestead and other exemption under the laws of this state."

At most, the plaintiff waived service of notice of sale; but she did not waive her right to sue under the statute, the provisions of which the defendants failed to comply with. It was conceded, as above stated, that the piano was retaken by defendants, and no sale or attempted sale was ever made by them, and that failure on the part of the defendants gave the plaintiff a cause of action under the statute. Roach v. Curtis, supra, affirmed 191 N. Y. 387, 84 N. E. 283.

This statute was passed to prevent just such a forfeiture as the defendants here seek to enforce, and unless the plaintiff has waived all the provisions passed for her protection the court will infer no conclusions in defendants' favor to uphold a waiver of the provisions. Nor will the last clause of defendants' contract above referred to be construed to effect a waiver by the plaintiff of the provisions of the statute. The agreement therein contained is against public policy, and therefore void, because the piano was essentially a portion of plaintiff's household furniture. Kneetle v. Newcomb, 22 N. Y. 249, 78 Am. Rep. 186. To deny the relief here sought by plaintiff would be in effect to permit the defendants to retain the piano and the purchase price, which would nullify the very provisions and violate the spirit of the law. White v. Gray's Sons, 96 App. Div. 156, 89 N. Y. Supp. 481; Hoffman v. White Sewing Machine Co., supra.

Defendants, evidently not feeling secure in their original contract, had plaintiff execute another one in the state of New Jersey, where she was temporarily sojourning, and then endeavored to show that the laws of this state did not apply, and that, plaintiff not having shown any right of action either under the laws of the state of New Jersey or under the common law, the complaint should be dismissed. This contract contained the same provisions as the original one; the only substantial difference being that the amount to be paid by plaintiff was $117, balance due on the original contract. This contract does not say that the original contract was repudiated or superseded by it. It shows no consideration, and is therefore of no binding force on this plaintiff.

The cases cited by the respondents have no application here, because in all of them there was an express waiver of the particular provisions upon which the cause of action is founded.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.