(79 Misc. Rep. 468.)

## PLUMIERA v. BRICKA et al.

(Supreme Court, Special Term, Erie County.   February, 1913.)

1. CHATTEL MORTGAGES (§ 293*)—RIGHT OF REDEMPTION—FORFEITURE.

A chattel mortgagor, though he fails to strictly comply with the mortgage, has the right of redemption.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 581; Dec. Dig. § 293.*]

2. CHATTEL MORTGAGES (§ 295*)—RIGHT OF REDEMPTION—WAIVER.

The right of redemption conferred by law on a chattel mortgagor cannot be waived or abandoned by any stipulation of the parties made at the time, though embodied in the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 581; Dec. Dig. § 295.*]

3. SALES (§§ 479, 481*)—CONDITIONAL SALES—STATUTORY RIGHTS OF BUYER— WAIVER.

Under Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, providing that a conditional seller, who retakes the chattels, must retain them for 30 days, during which time the buyer may comply with the contract and receive the property, and that after that period the seller may sell the chattels at public sale if the terms of the contract are not complied with, the buyer may waive a public sale and authorize a private one, and where a private sale is had the buyer cannot recover the payments made, but where no sale is made the waiver is inoperative and the right to recover payments made continues.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438, 1449–1455; Dec. Dig. §§ 479, 481.*]

4. SALES (§ 481*)—CONDITIONAL SALES—STATUTORY RIGHTS OF BUYER— WAIVER.

Where a buyer in a conditional sale contract within Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, authorizes a sale for nonperformance of the contract, at public or private sale, at any time without notice, and agrees to pay any deficiency, he cannot recover the payments made because the chattels are not sold within 60 days, where they were subsequently sold at private sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. § 481.*]

5. SALES (§ 479*)—CONDITIONAL SALES—STATUTORY RIGHTS OF BUYER — "WAIVER."

The "waiver" by a buyer in a conditional sale contract within Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, of a public sale by the seller on default, must be express and will not be implied, and an agreement that the seller may keep the money paid as rental does not waive a sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*

For other definitions, see Words and Phrases, vol. 8, pp. 7375–7381.]

6. SALES (§ 479*)—CONDITIONAL SALES — STATUTORY RIGHTS OF BUYER — WAIVER.

Where a buyer in a conditional sale contract within Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, authorizes a sale by the seller on default at public or private sale without notice, he dispenses with the statutory notice, though a public sale is had.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. SALES (§§ 479, 481*)—CONDITIONAL SALES—STATUTORY RIGHTS OF BUYER —WAIVER.

A waiver by a buyer in a conditional sale contract within Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, of notice of sale by the seller, is not a waiver of a sale or of the right to recover the payments made, where no sale is made.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438, 1449–1455; Dec. Dig. §§ 479, 481.*]

8. SALES (§ 481*)—CONDITIONAL SALES—STATUTORY RIGHTS OF BUYER— WAIVER.

A buyer in a conditional sale contract within Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, may be estopped from enforcing his statutory rights.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. § 481.*]

9. SALES (§§ 479, 481*)—CONDITIONAL SALES—STATUTORY RIGHTS OF BUYER. —WAIVER.

Where a buyer in a conditional sale contract within Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, authorized a public or private sale at the option of the seller in case of default and waived notice thereof, he did not thereby waive his right to a sale, and could recover the payments made in case the seller made no sale, notwithstanding the stipulation that the seller could retain all payments as rent for the use of the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438, 1449–1455; Dec. Dig. §§ 479, 481.*]

10. EXEMPTIONS (§ 59*)—OWNERSHIP.

The law presupposes that one claiming exemptions owns or is possessed of the property claimed to be exempt.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 81; Dec. Dig. § 59.*]

11. SALES (§ 479*)—CONDITIONAL SALES—TITLE OF BUYER.

A buyer in a conditional sale contract does not own the goods contracted for, and the conditional vendor may retake the goods pursuant to the conditions specified in Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, regulating conditional sales.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

12. STATUTES (§ 184*)—CONSTRUCTION—PUBLIC POLICY.

The policy of a statute must be ascertained from its provisions and its purpose to redress a grievance, assisted by the light of reason, and the aid of experience.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 262; Dec. Dig. § 184.*]

13. SALES (§ 481*)—CONDITIONAL SALES—WAIVER OF RIGHT OF REDEMPTION.

A buyer in a conditional sale contract within Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, authorizing the conditional seller to retake the chattels and retain them for 30 days, during which time the buyer may comply with the contract and receive the property, may not waive his right of redemption, though as a general rule one may waive a constitutional or statutory provision made for his benefit.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. § 481.*]

Appeal from City Court of Buffalo.

Action by Joseph Plumiera against Charles F. Bricka and another. From a judgment of the City Court of Buffalo for plaintiff, defendants appeal. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. H. Madden, of Buffalo, for appellants.
Paul Sheehan, of Buffalo, for respondent.

MARCUS, J.  This action was brought by the plaintiff to recover back certain money which was paid by him to the defendants upon certain household furniture held by the plaintiff upon a conditional contract of sale, and which were afterwards retaken by the defendants by process of law, upon default in payments.  The contract price was $186.33, upon which plaintiff paid the sum of $99.75, in weekly installments.  It does not appear that the goods were ever sold, and no account or report has ever been rendered.

The contract provided that, in the event of failure to meet any of the payments, the vendee agreed to surrender the goods and authorized the vendors to retake them without process of law, "and retain all payments of money paid as rent or hire for the use of said goods while in my possession, and Bricka & Enos may sell all goods retaken at public or private sale *without notice* to me, and I do hereby waive any and all existing statutes, or any that may be enacted requiring notice of sale."

Defendants contend that, as plaintiff agreed that they may retain the money paid in installments as rent for the use of the furniture, this dispensed with the necessity of making any sale, and that they were entitled to keep both the goods and the money, notwithstanding there was no waiver of a sale but only notice of it.

Because of the confusion of the authorities and the uncertainty that follows, and at the earnest request of the defendants that some guide be given for their future dealings, it may be well to consider the course of legislation on the subject of conditional sales, and help to clarify the legal atmosphere on the subject as far as it can be done at Special Term by a review and summary of the decisions.

The Conditional Sales Act of 1884, c. 315, contained no provision for redemption.

In 1885 (chapter 488) section 7 was added to the act, by which it was provided that:

"In case household goods, pianos, organs, or scales are sold upon condition, and the same are retaken by the vendor, the same shall be retained for thirty days, during which time the purchaser may fulfill such contract, and shall be entitled thereupon to receive such property.  After the expiration of such time all interest of the purchaser in such property shall cease."

By subsequent amendments the number and variety of articles was greatly increased.  Acts 1886, c. 495; Acts 1888, c. 225; Acts 1894, c. 420.

By the amendments of 1895 (chapters 523 and 925) it was provided (in lieu of the last clause quoted) that, "after the expiration of such time," the vendor "may proceed to sell the same at public auction," etc., after giving the notice therein prescribed.  But no remedy was provided in case no sale was had.  Probably it was intended that the right of redemption should continue until foreclosure by a sale, as in case of chattel mortgage.  Hinman v. Judson, 13 Barb. 630.

The provisions of the act of 1884, as it stood amended, were incorporated in the Lien Law of 1897 (chapter 418), except that this law wiped out all invidious distinctions made in behalf of specified kinds, classes, or species of property, and extended the right of redemption to purchasers of every kind of personal property. Sections 116, 117, 118.

By the amendment of 1900 (chapter 762), an important provision was inserted in section 116, to the effect that:

"Unless such articles are sold within thirty days after the expiration of such period, the vendee * * * may recover of the vendor the amount paid on such articles by such vendee * *, * under the contract for the conditional sale thereof."

The provisions of the Lien Law, as amended, are now incorporated in the Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, without any material or essential alteration.

[1, 2] In the case of a chattel mortgage, the mortgagor, although he has not strictly complied with the terms of the mortgage, still has his right of redemption; while in the case of a conditional sale, without strict compliance, the rights of the purchaser are forfeited. And the right of redemption conferred by law cannot be waived or abandoned by any stipulation of the parties made at the time, even if embodied in the mortgage. Hughes v. Harlam, 166 N. Y. 427, 431, 60 N. E. 22.

In order to remedy the grievance or hardship of purchasers under conditional contracts, the Legislature, in 1885, conferred the right of redemption for 30 days after the vendor should retake possession of the property, but (strange to say) this beneficial right was limited to "privileged classes" of property specified in the statute, without any regard, however, to the exemption laws, since no distinction was made between property exempt from seizure and sale on execution and property not exempt. Then, it seems it was the purpose or design of the Legislature, by the amendment of 1895, that the right of redemption should continue until foreclosed by a public sale, though this is by no means clear from the words "may proceed to sell the same," and, besides, the period of redemption was fixed in the statute.

Then again, in 1897, the Legislature extends the right of redemption to all kinds of articles of personal property, without any distinction, exception, or qualification. Then the Legislature, in 1900, made provision for compelling the vendor to sell property at public auction, within 60 days, or to refund the money received.

Now let us ascertain what the courts have actually decided with reference to the right of the vendee to waive, by contract, the rights conferred upon him by statute. Evidently it has been the constant endeavor of vendors of property to evade or nullify the effect and operation of the statute, by forcing stipulations upon vendees.

The case of Warner v. Zuechel, 19 App. Div. 494, 46 N. Y. Supp. 569 (1897), arose under the act of 1884 as amended in 1895. The contract provided that the vendor, upon retaking possession of the bicycle, might sell it at public or private sale, apply the proceeds to pay the balance due, and pay the surplus, if any, to the vendee; and that in

case of deficiency the vendee would pay the amount thereof to the vendor.

The purchase price was $75, upon which defendant paid $41.25, and then defaulted. Plaintiff retook the bicycle and sold it at private sale for $10, and the fairness of the sale was not attacked. Suit was then brought for the deficiency. Held that the waiver of a public sale was valid.

"Perhaps, with respect to household goods, mentioned in the same statute, a different rule, upon grounds of public policy, should apply"—citing Kneettle v. Newcomb, 22 N. Y. 249, 78 Am. Dec. 186.

This case was decided prior to the amendment of 1900, which conferred the right to recover payments made in case of no sale within 60 days.

In Roach v. Curtis, 115 App. Div. 765, 773, 101 N. Y. Supp. 333, 339 (1906), the contract authorized the vendor to sell the furniture at public or private sale and to apply the proceeds upon the purchase price. Spring, J.:

"It is urged that by reason of this clause the plaintiff waived the statutory provision for her benefit. The goods enumerated in the bill of sale are articles of household furniture, and we seriously question the right of the vendors to ingraft a clause in the conditional contract which will effectually destroy the statutory provision for her advantage, especially to this kind of property. 22 N. Y. 249 [78 Am. Dec. 186]. If by inserting a provision of that kind in a contract of sale the vendors can estop the vendee from the privileges accorded him by this statute, its practical effect will very easily be abrogated. *Passing that,* the defendants do not claim that they ever sold the property at public or private sale. * * * Unless they have acted upon the terms of the alleged waiver, they cannot hold the plaintiffs to it."

This case was affirmed in 191 N. Y. 387, 84 N. E. 283, and it was held that a clause in the contract permitting the vendor to dispose of the goods at private sale does not constitute a waiver of the vendee's right to recover the purchase money paid, where the vendors have not sought to exercise their power of sale at all, either at auction or privately; and as this waiver, even if effectual, extended no further than to the manner of selling, every other privilege which the statute confers upon the vendee, including the right to maintain an action for the amount paid on the purchase money, was retained. The court remarked that, if the vendors had decided to sell at private sale, "they could not properly do so without giving the notice prescribed in section 117 of the Lien Law," now section 66, Pers. Prop. Law. But this is an inadvertent statement, for the notice prescribed has reference *only* to a sale at auction, as the statute contemplates no other manner of sale. Obviously, it would be impracticable—in a sense impossible— for the proprietors of a furniture store to give notice of the time and place of sale of various articles of furniture. Consequently a power to dispose of the goods at private sale implies authority to sell without notice.

"Indeed, in a majority of cases such a notice would be impracticable, as it would have been in this case. Unless the sale is to be public and at auction, no notice of the time and place can be given. But in very many

cases, sales by auction are not the usual, nor are they a favorable mode of disposing of merchandise. * * * A vendor is simply an agent, if he elects to become such, of a vendee who refuses to complete his purchase; an agent to sell the property fairly, and to the best advantage. The only requisite to such a sale as a measure of the rights and the injury of the party is good faith, including the proper observance of the usages of the particular trade." Pollen v. Le Roy, 30 N. Y. 556–558; Van Brocklen v. Smeallie, 140 N. Y. 75, 35 N. E. 415.

The decision in the Roach Case seems to hold, by implication, that a vendee may waive a public sale and authorize a private one, since the sole ground of the decision is that the vendee's right to recover his payments is preserved, where there is no sale of any kind. Or, as it is put by Justice Spring, unless the defendants have acted upon the waiver, they cannot hold the plaintiffs to it. The statement is pregnant with an admission that if there had been a fair, bona fide private sale, the plaintiff could not recover. *That*, it seems, would have been a sufficient compliance with the statute and satisfactory to the court.

In Fairbanks v. Nichols, 135 App. Div. 298, 119 N. Y. Supp. 752, the court said that cases may arise in which it is competent for the party to waive the benefits of the statute, and that the facts presented such a case. The contract recited that the vendee had "hired" a cab and harness, and that the monthly payments were to be considered as rent, but gave the vendee the right to a bill of sale when the payments amounted to a certain sum, and that upon default defendant might retake the cab without being liable to refund any money received as rent. The vendee voluntarily surrendered the cab, assigning as his reason that it was not worth the amount unpaid upon it. It was shown that the rental value of the cab approximated the monthly payments. Held that the vendee had waived his rights to recover the installments paid, and was *estopped* from asserting that the vendors should have sold the cab, as if they had taken it against his will. Two judges dissented and held that it was a conditional contract of sale and governed by the statute. "The vendor can at any time relieve himself from liability by complying with the statute and selling the property."

In Hurley v. Allman Gas Engine & M. Co., 144 App. Div. 300, 129 N. Y. Supp. 14, a contract for the sale of machines contained the clause:

"And you may declare the agreement terminated and may retain all moneys paid hereunder as liquidated damages and rental."

After considering the question whether the statutory sale may be waived, and referring to prior cases in which the matter was discussed, the court proceeded:

"In any event, the provisions of the statute are to be read into every contract of conditional sale. Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458. The clause in the contract which is claimed to constitute a waiver is entirely silent as to a subsequent sale as directed by the statute. There is therefore no express waiver of the statutory requirements. None should be implied as against the statute, assuming such a waiver in advance is permissible."

Also, held that plaintiff was entitled to recover all payments made notwithstanding the agreement that they might be retained as rental, referring to Hoffman v. White Sewing Machine Co., 123 App. Div. 166, 108 N. Y. Supp. 253.

The case of Woodman v. Needham Piano Co., 47 Misc. Rep. 683, 94 N. Y. Supp. 371 (1905), came before the Appellate Term, and MacLean, J., wrote the brief opinion that it seemed to him the plaintiff had signed away his statutory rights by stipulating that in case of default the defendant might take the piano and retain the money paid as for the use thereof. This observation was made after he had decided that the court had no jurisdiction of the action. This case is referred to in the Hurley Case without comment, though it is evidently overruled by the decision there made.

In Adler v. Weis & Fisher Co., 66 Misc. Rep. 20, 119 N. Y. Supp. 634 (1910), the contract was that the vendor "may sell the same at public or private sale at any time without notice to me; and if upon such sale enough is not obtained to pay said debt, cost of removal and storage, I will pay the deficiency." The property consisted of furniture to equip and furnish a Turkish bath establishment. Defendants took possession of the furniture and sold it from time to time at private sale. Little, if any, of it was sold within 60 days; and a very considerable part of it was not sold until the day before trial. It was not claimed that the defendant had realized from the sales more than enough to pay the balance of the purchase price after applying the payments made. Foote, J., held that the authority given to sell "at any time," and the agreement to pay any deficiency, operated as a waiver of the requirement that the sale shall be made within 60 days, and therefore the plaintiff was not entitled to recover. The learned judge makes a distinction between a sale of household furniture for family use and furniture supplied for a purpose commercial; that a purchaser of the former may not waive the statute, but otherwise as to the latter. This case was affirmed without opinion in 138 App. Div. 918, 123 N. Y. Supp. 1104.

In Montague v. Wanamaker, 67 Misc. Rep. 650, 124 N. Y. Supp. 805 (1910), the property consisted of a large quantity of hotel furniture, and the contract waived all rights given by the statute and authorized the vendor to sell publicly or privately, *without notice* of any kind. Long after the 60 days had expired, the goods were sold at public auction, after publishing a notice of the auction in three newspapers in Manhattan; but no notice of sale was ever served upon plaintiff, who was receiver of the hotel company. Erlanger, J., held, that, upon the facts stated: (1) The plaintiff by his acts had waived his statutory right to a sale within 60 days, and that his conduct estops him from claiming otherwise; (2) that no direct personal notice of sale was required to be given, as that was expressly waived by the contract. The learned judge draws a judicial distinction between hotel furniture and family household furniture: A vendee may waive the statute in the one matter, though not in the other. And yet the statute is general and makes no distinction between classes or kinds of

property, or between purchases of one kind of property and those of some other kind.

In Moore v. Bloomingdale (Sup.) 126 N. Y. Supp. 125 (1910), the vendee stipulated:

"I hereby waive all *notices* of said sale of whatever nature."

Gavegan, J., said:

"At most, the plaintiff waived service of notice of sale; but she did not waive her right to sue under the statute, the provisions of which the defendants failed to comply with. It was conceded that the piano was retaken by defendants, and no sale or attempted sale ever made by them, and that failure on the part of the defendants gave the plaintiff a cause of action under the statute"—citing Roach v. Curtis.

Held, also, that it was immaterial that the payments were called "rent."

Butler v. People's Furniture Co. (Sup.) 124 N. Y. Supp. 645 (1910), arose in the City Court of Buffalo. It was stipulated:

"I do hereby specifically release and waive any and all benefit and advantage by virtue of any and all statutes contrary to or inconsistent with the terms of this lease."

And it was stipulated that all payments made should be retained by the vendor as rent for the use of the goods. Defendant retook the goods, went through the form of a private sale, and purchased the same itself. Hodson, J., held that the provision in the contract whereby partial payments made shall be considered as rent in case the purchaser defaults was valid and binding on the purchaser, and precludes him from recovering under the statute; also, that the express waiver above quoted constituted a waiver of the right to a statutory sale, though it does seem difficult to perceive that the provision as to a public sale after due notice given is inconsistent with the terms of the lease. There must be an express waiver. The later case of Hurley, 144 App. Div. Div. 300, 129 N. Y. Supp. 14, is wholly inconsistent with the Butler Case, which was affirmed by Woodward, J., without opinion, and so is the Roach Case.

For the purposes of the present case, we make these summaries:

[3] The vendee may waive a public sale and authorize a private one, and if a private sale is had the vendee cannot recover his payments. (Bicycle) Warner Case, 19 App. Div. 494, 46 N. Y. Supp. 569.

But if no sale is made, the waiver becomes inoperative, and the right of the vendee to recover his payments continues. (Household goods) Roach Case, 115 App. Div. 765, 773, 101 N. Y. Supp. 333; Id., 191 N. Y. 387, 84 N. E. 283.

[4] Authority to sell at public or private sale "at any time," without notice, the vendee agreeing to pay any deficiency, held that he cannot recover his payments because the goods were not disposed of within 60 days, where they were subsequently sold at private sale. (Furniture for Turkish bath) Adler Case, 66 Misc. Rep. 20, 119 N. Y. Supp. 634.

[5] The waiver of a public sale must be *express,* and will not be implied. Hence an agreement that the vendor may keep the money as "rental" does not waive a sale. (Machines) Hurley Case, 144 App. Div. 300, 129 N. Y. Supp. 14.

[6] Authority to sell at public or private sale *without notice* dispenses with the statutory notice, even though a public auction *is* had, and the vendee cannot recover. (Hotel furniture) Montague Case, 67 Misc. Rep. 650, 124 N. Y. Supp. 805.

[7] A waiver of *notice* of sale is not a waiver of the sale or of the right to recover payments where no sale is made. (Piano) Moore Case (Sup.) 126 N. Y. Supp. 125.

[8] The vendee may be estopped by his acts and conduct from enforcing his statutory rights. (Cab) Fairbanks Case, 135 App. Div. 298, 119 N. Y. Supp. 752; Montague Case, supra.

[9] Now in the present case, though the plaintiff authorized a public or private sale, at the option of the defendants, and waived notice thereof, he did not waive his right to a sale of the goods, and therefore upon the authority of Roach v. Curtis and Moore v. Bloomingdale the plaintiff is entitled to recover. And the agreement that the defendants may retain all payments as rent or hire for the use of the goods is ineffectual. The payments were made on the purchase price, and not for the rent or hire of the goods, and he is entitled to recover "the amount paid on such articles under the contract for the conditional sale thereof." Pers. Prop. Law, § 65; Hoffman v. White Sewing Machine Co., supra; Hurley v. Allman Gas Engine & M. Co., supra; Moore v. Bloomingdale, supra.

Inasmuch as the effort is here made to review the authorities, it may not be inappropriate or inadvisable to make a few observations in reference to the mooted question whether an agreement of the vendor to waive his statutory rights is contrary to public policy and void. In the Roach Case, 115 App. Div. 773, 101 N. Y. Supp. 333, Spring, J., seriously questioned the right of the vendee of household furniture to waive his statutory rights, citing Kneettle v. Newcomb, 22 N. Y. 249, 78 Am. Dec. 186; though he appears also to have taken a broader ground when he says that the practical effect of the statute will very easily be abrogated, if the vendee should be held bound by his stipulation.

In 191 N. Y. 387, 84 N. E. 283, the court, after referring to these observations and to the Kneettle Case, very gravely remarked, "It may be doubted," but "it is not necessary to decide this interesting and important question."

In Watertown Nat. Bank v. Bagley, 134 App. Div. 835, 836, 119 N. Y. Supp. 592 (a case not concerning conditional sales), Spring, J., remarked;

"This law was also enacted for the protection of poor people against vendors of household furniture sold on the installment plan, and its salutary purpose ought not to be frittered away by agreements of waiver."

We fail to perceive any analogy between the Kneettle Case and the case of one contracting to purchase household furniture. That case holds that, as the exemptions given a householder are granted on

grounds of public policy, an executory agreement to waive it must be deemed contrary to the policy of the law, and for that reason void. Upon similar grounds of policy, we are unable to perceive why, in principle, the same rule is not applicable to other exempt property—working tools or professional instruments, for example. Now we are advised that analogical reasoning should be pursued with great caution, as minute differences between two cases may preclude the drawing of an agreement from one to the other, may render the analogy imperfect and the application erroneous.

[10] In the case of exemptions, the law presupposes that the claimant owns or is possessed of the property in question.

[11] But a conditional vendee does not own the goods he contracts to buy. The sheriff cannot seize and sell exempt property, but the conditional vendor may "clean out the house" of all its furniture, and may sell it if he wishes. All furniture is not exempt, nor is any furniture exempt from sale to satisfy its purchase price. Whether the claimant is entitled to exemption, or whether particular property is exempt, may become a question of fact as well as of law.

We are unable therefore to conceive that the Kneettle Case has any real application in the solution of the question.

Undoubtedly, the act of 1885 was an attempt to rectify abuses and grievances arising from conditional sales of furniture on the installment plan, by giving 30 days for redemption, though the statute also included pianos, organs, and scales. A piano may be exempt as furniture, in particular circumstances. Conklin v. McCauley, 41 App. Div. 452, 58 N. Y. Supp. 879.

Then, in 1886, the Legislature broadened its "policy" and extended the benefit of the statute to nine other diverse articles, and so on in subsequent legislation. Then, in 1897, the Legislature adopted the comprehensive policy of embracing everything, without distinction of "privileged classes."

In view of this legislation, we confess that we are quite unable to appreciate a course of reasoning by which a judicial tribunal would be justified in selecting a particular kind of goods or chattels, and founding a judicial distinction upon it. This is not interpretation, but plain judicial legislation.

Therefore it behooves us to take a broader ground and assume a more solid position, by disregarding all distinctions of property.

[12] The policy of the law is to be ascertained from the provisions of the statute and their evident purpose to redress a grievance, assisted by the light of reason, and the aid of experience.

[13] Clearly, the vendee cannot make a valid waiver of his right of redemption. Does not the provision for a public sale, after due notice of time and place, appertain to the redemption right, as a part of it? It seems to be assumed in the Massachusetts case quoted below that the right to a sale partakes of the redemption right. The purpose of the notice is to afford the vendee opportunity to attend and protect his interests. In the case of private sales, he must rely upon the honesty and good faith of the vendor, though a private sale may, generally speaking, result more beneficially to the vendee. May

he waive a public sale? If not, may he waive notice of it? May he absolutely waive a sale of any kind, both public and private? Evidently, additional legislation upon this subject is needed for the guidance and protection of both parties, for in the present state of the various decisions it remains uncertain (until declared by the court of last resort) how far vendors may go in exacting stipulations, the effect of which may be to deprive purchasers of the practical benefits intended to be secured by the statute, and thus nullify it.

No doubt the abuses practiced by furniture dealers was the moving cause of the legislation of 1885. Of course, as a general rule, a party may waive a constitutional or statutory provision made in his favor or for his benefit; and, generally speaking, there is no reason why parties should not be permitted to make such contracts as they please, without regard to statutes of such a character or of that nature. But this presupposes that both parties are *free agents*. Are these people who buy furniture on the installment plan really free agents? Their necessities may require them to purchase goods under a contract by which they may be enabled to pay for them in small weekly or monthly installments. The dealers refuse to contract unless the vendee agrees to waive the statute, or some of its essential provisions designed for his protection. In other words, they may demand that the contract should be made without regard to statutory regulations or restrictions, the same as before. Dealers exact these contracts, and the poor or necessitous person must sign the contract or go without. Thus the statute is rendered ineffectual, inoperative, and of no account. The Legislature, taking cognizance of the very extensive dealings or transactions of sales on the installment plan, and recognizing the indubitable fact that thousands of people were injuriously affected by their inability to make prompt payments through no fault of their own, proceeded to enact a law to remedy the evils arising and the mischievous results produced, which, however, will still exist if. dealers are permitted to force their contracts upon the helpless purchaser. This legislation being found inadequate for the full protection of purchasers, a subsequent law was enacted requiring the vendor to sell the goods within 60 days, or to return the money received. Now, since this beneficent legislation is founded on grounds of general public policy, and was designed for the protection of innumerable people and for the regulation of countless transactions of this character, shall it be left within the power of dealers to render it nugatory? This is a serious and important question for the appellate courts.

In Massachusetts the policy of the law as to household furniture is plainly declared by making special provision for it. The vendee is given 15 days to redeem after the vendor takes the property.

In the case of *household goods* the vendor must, 30 days before taking possession, make demand in writing of the balance due and furnish an itemized statement of the account. The said 15 days shall not begin to run until such demand is made and statement furnished and said 30 days have expired. If the vendee has paid 75 per cent. on his contract, the sale must be at public auction, if he so demands. If

the vendor neglects to make the sale, the right of redemption shall not be foreclosed.

In Desseau v. Holmes, 187 Mass. 486, 73 N. E. 656, 105 Am. St. Rep. 417 (1903), it was ruled that a contract made in advance to waive these provisions is void as against public policy. The opinion is so interesting and instructive that we venture to give it full quotation. Knowlton, C. J., said:

"The writing purported to authorize the defendants to take possession of the property at any time, for a failure to make the prescribed payments, and afterwards to hold it absolutely. Similar contracts have been made for many years, and in the year 1881 the Legislature passed an act giving purchasers in future, under such contracts, a right of redemption, after default in payments, notwithstanding the provision in the writing that their rights should be lost by their neglect. Plaintiff undertook to waive all his rights under the R. L. C. 198, and to authorize the defendants, upon his failure to make payments as agreed, to take immediate possession of the property without giving him an itemized statement of the amount due upon the lease, and to hold it free from any right of redemption. The only question is whether this instrument is binding upon the plaintiff. It is elementary law that an agreement to waive the right in equity to redeem a mortgage, made by a mortgagor at the time of executing the mortgage, is void as against public policy. The reason for the rule is that improvident persons, in straits to obtain money, would be likely to make contracts, the literal enforcement of which would work great hardship upon them, to the detriment of the public as well as themselves. The reasons for this rule in reference to mortgages are still stronger in the application of it to conditional sales of personal property which are made so commonly by shopkeepers in supplying householders of small means with furniture and other similar articles. The statutes referred to were evidently enacted for the protection of such persons.

"It is very plain that the Legislature intended to say that the usual provisions for immediate forfeiture in such contracts should be ineffectual and void in contracts made after the enactment of the statute. *As the statute now in question rests upon grounds of public policy, it is not in the power of one who may be directly affected by it to contract in advance that it may be disregarded.*"

### In Washington Nat. Bank v. Williams, 188 Mass. 107, 74 N. E. 471:

"It has been said that, where laws are *enacted on grounds of general policy,* their uniform application for the protection of all citizens is desirable, and an agreement to waive their provisions is generally declared invalid; but, where they are designed solely for the protection of rights of property, a party who may be affected can consent to a *course of action,* which, if taken against his will, would not be valid"—citing Cooley, Const. Lim. (7th Ed.) 250, 251; Desseau v. Holmes, supra.

In Tennessee, it is held that a statute giving the purchaser a right to recover the payments made in case no sale should be had was constitutional. The statute expressly authorized a waiver of the right to a public sale, but it was nevertheless held that a waiver contained in the contract was not binding upon him, since prior to a breach there was no occasion for waiver. Massillon Engine Co. v. Wilkes (Tenn.) 82 S. W. 316.

Judgment affirmed.