## SULTAN v. MISRAHI.

(Supreme Court, Appellate Term.    June 22, 1905.)

1. APPEAL—REVIEW.

Where judgment was rendered absolute for defendant it will be assumed on appeal under Mun. Ct. Act, § 249 (Laws 1902, p. 1561, c. 580), that the justice concluded that on the whole case plaintiff was not entitled to recover as a matter of law.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3748.]

2. HUSBAND AND WIFE—DESERTION—SUPPORT.

Where defendant's husband voluntarily left her, and has failed to provide a home for her or furnish her with means, he is liable for the reasonable value of her board.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, §§ 123, 124.]

3. SAME—EVIDENCE—SUITABLE RESIDENCE.

That a husband and wife lived together in a house in which his wife remained after his desertion is prima facie evidence that it was a suitable residence with reference to the husband's means.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Julia H. Sultan against Simantav Misrahi. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Simon Sultan, for appellant.

Goldfogle, Cohn & Lind, for respondent.

SCOTT, P. J. The justice rendered judgment absolute for the defendant. We must therefore assume that he concluded that upon the whole case the plaintiff was not entitled to recover as a matter of law. Section 249, Mun. Ct. Act (Laws 1902, p. 1561, c. 580). It appears that defendant's husband voluntarily left her, without, so far as we can see, any adequate reason. It was his duty to provide proper support for her according to his means and their status in life. It does not appear that he fulfilled this duty in any way. He did not provide a home for her, or furnish her with means to provide her a home for herself. All that he offers in his own behalf is an allegation that he told her to look for rooms, and that she refused. This she denies, and the history of the previous relations between the parties renders her denial at least as probable as his assertion. We are of opinion that the defendant has failed to show

that he fulfilled the duty which the law imposes upon him, and that plaintiff was entitled, upon the evidence now presented, to a recovery. Of course, all that may be recovered is the reasonable value of the board, and the wife's agreement to pay a certain sum is not conclusive upon the husband. The fact that the husband and wife had lived together in the house in which his wife remained after her desertion is prima facie evidence that it was a suitable residence with reference to the husband's means. That it was with the wife's own family, with whom she boarded, is no reason why the husband should be relieved from his legal liability.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

DUGRO, J., concurs.

MacLEAN, J. I concur in the reversal.