### WOODMAN v. NEEDHAM PIANO & ORGAN CO.

#### (Supreme Court, Appellate Term.   June 22, 1905.)

1. MUNICIPAL COURT—JURISDICTION—CONDITIONAL SALES—BREACH OF CON-
TRACT—RECOVERY OF INSTALLMENTS.

An action by a vendee of a piano to recover installments paid, as authorized by Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762, after the vendor's assignee had recovered possession of the piano in replevin for nonpayment of installments due, was an action for money had and received, and not an action arising on a contract of conditional sale of personal property, not within the jurisdiction of a Municipal Court, as provided by Municipal Court Act, § 139 (Laws 1902, p. 1533, c. 580).

2. CONDITIONAL SALE—RECOVERY OF INSTALLMENTS PAID—WAIVER.

Where a contract for the conditional sale of a piano provided that, if default was made in the promised payments, or any of them, the vendor might resume actual possession of the piano, and all payments thereon should be in full for the use thereof, the vendee thereby waived his right to recover installments paid after default, as authorized by Laws 1897, p. 541, c. 418, § 116, as amended by Laws 1900, p. 1624, c. 762.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1451.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Charles Woodman against the Needham Piano & Organ Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

W. R. Oglesby, for appellant.

C. B. Plante, for respondent.

MacLEAN, J. In 1900 the plaintiff bought a piano from the defendant for $275, payable on the installment plan, and defaulted after paying $181, for which sum is this action, under the lien law (section 116, c. 418, p. 541, Laws 1897, as amended by chapter 762, p. 1624, Laws 1900), providing that when a purchaser in the installment plan has defaulted, and the article is taken back by the vendor or his successor, the vendee shall have 30 days to redeem the

article, but, **if not** redeemed, the vendor or its successor thereafter may, on due notice to its vendee, and within 30 days, sell the article at auction; and, further, if this be not done within 30 days, the vendee has an action against the vendor for the full amount paid. The piano was taken in replevin by the vendor's assignee May 5, 1904. Judgment therein was deferred until after the beginning of the present action in the spring of 1905—a circumstance deemed immaterial here. Such an action given by statute, in effect as for money had and received, does not seem one which arises on a written contract of conditional sale of personal property, and therefore not maintainable in the Municipal Court. Section 139, c. 580, p. 1533, Laws 1902. But the plaintiff seems to have signed away the right to this statutory and beneficial action by agreeing in writing "that if default be made in the promised payments or any of them, the Needham Piano and Organ Company may resume actual possession of said piano, and all payments thereon shall be in full for the use thereof." He was as competent to waive eventual resort to the provision made by statute for his benefit as he was to enter into the agreement at its inception.

Judgment affirmed, with costs. All concur.