### FAIRBANKS v. NICHOLS et al. ·

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. APPEAL AND ERROR (§ 927*)—TRIAL (§ 177*)—PRESUMPTIONS.

Where, at the close of the evidence, both parties moved for a direction of a verdict, all questions of fact were thereby submitted to the court for determination, and, where the court found for defendants, it will be presumed, on appeal, in support of the judgment, that the court found all controverted questions in favor of the defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927;* Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

2. SALES (§ 481*)—CONDITIONAL SALES—WAIVER OF STATUTORY RIGHT—ESTOPPEL.

Laws 1900, p. 1624, c. 762, provides that upon a conditional sale, where the articles are retaken by the seller, he shall retain them for 30 days, during which the buyer may comply with his contract and regain possession; but,· if the buyer does not comply, the seller may sell the articles at public auction, and, unless the goods are so sold within 30 days, the buyer may recover the amount paid by him. Plaintiff contracted to pur-·chase a cab and harness, and, after making a number of monthly pay-·ments, voluntarily surrendered them to defendants, who took possession; plaintiff assigning as his reason that the articles were not worth the ·amount unpaid upon them. The contract provided that the payments were to be rent, and that upon default defendants could recover posses-·sion of the property without being liable to refund any money received ·as rent of the property. It was shown that the rental value of the prop-·erty approximated the monthly payments. Held, in an action to recover ·the payments made, that plaintiff had waived his rights under the statute to recover the installments paid, and was estopped from asserting that defendants should have sold the property, as if they had taken it against his will.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1451; Dec. Dig. § 481.*]

Ingraham and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Fred Fairbanks against Daniel P. Nichols and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John E. O'Brien, for appellant.
Herbert Goldmark, for respondents.

LAUGHLIN, J.   This action is based on the provisions of chapter 762, p. 1624, of the Laws of 1900, and is brought to recover payments made by the plaintiff on account, as he alleges, of the purchase price of a certain hansom cab and harness, which the defendants retook on account of the plaintiff's failure to make payments as agreed upon, and thereafter failed to sell within the time and as provided in the statute.

On the 7th day of May, 1902, the plaintiff executed an instrument in writing, under his hand and seal, and delivered the same to the defendants.   The instrument begins with the words, "Know all men by these presents," and recites:   That the plaintiff has hired and received from the defendants a certain hansom cab and harness therein particularly described; that for the "use" of the property and "as rent for the same" he had given to the defendants on the same day $100 in cash, and promised to pay the further sum of $35 per month for 28 months and $10 for the twenty-ninth month; that as collateral security he has given 29 promissory notes bearing even date with the instrument; that 6 per cent. per annum was to be paid on the notes "until such time as the sum paid and to be paid by me shall, including all promissory notes given to renew any note given as aforesaid, amount to the whole sum agreed upon for said property, viz., one thousand and ninety dollars, and also all repair bills, amount due as cab hire on other cabs, interest at the rate of six per cent. per annum and expenses"; that he was to keep the property insured and in good condition and repair at his own expense, and he agreed that the property should be used "during the continuance of this lease" in the city of New York and no other place. ' The agreement further provided that:

"When the said sum of one thousand and ninety dollars, cost of repairs, cab hire on other cabs and said interest and expenses have been fully paid, said rent shall cease, and said property become my property, and I shall have the right to ask for, demand and receive from the said D. P. Nichols & Co., a bill of sale of the same.   But in case of neglect or failure on my part to pay said rent, as aforesaid, or to keep and perform any of the agreements which on my part are to be kept and performed," then the defendants might lawfully, without being deemed guilty of trespass, and without rendering themselves or either of them liable "to refund any money received by them as rent as aforesaid, enter any premises where said property may be found, and take possession of and remove said property therefrom, without first resorting to any legal or formal process of law whatsoever."

He further agreed that, "so long as any rent shall be due and payable as aforesaid, and before I shall have received said bill of sale," he would not injure, sell, assign, or mortgage the property, or remove it from the city without the written consent of the defendants, and that he would, in case of a breach of the agreement on his part, return the property to the defendants on demand and at his own expense. The evidence shows that the rental value of the hansom and harness, per month, approximated the monthly payments which the plaintiff was to make.   The plaintiff made the down payment of $100, and the hansom and harness were delivered to him on the day he executed

119 N.Y.S.—48

the instrument, the material parts of which have been stated. He made 25 of the monthly payments and interest on the unpaid installments. On the 17th day of August, 1908, he made default in one of the payments, and the defendants, through an agent, demanded the payment. The plaintiff, according to the testimony of the defendants' collector, stated that he could not make the payment; that the hansom was not worth the money due on it; that some friends had bought a better hansom for him for less money, that he would leave the hansom in the stable that night, and the defendants should come and get it and the harness, and that, pursuant to this voluntary suggestion made by the plaintiff, he called for and took the hansom to the defendants, but by a mistake the wrong harness was given to him, and that defendants never got the harness which they delivered to the plaintiff, but that the plaintiff kept and thereafter used the harness, and stated that he owed money on his, and that the defendants could have it if they paid the amount which he owed on it. The plaintiff admitted that he had an interview with the collector of the defendants, and he did not deny the conversation as narrated by the collector. He did, however, state that he had a talk with one of the defendants concerning his inability to continue paying installments, that he did not tell the defendant to come and get the hansom, but, in answer to a question by the defendants, he informed them of the time when the hansom was taken to the stable at night, and said that the defendants came and got it the next day or the day after.

At the close of the evidence, both parties moved for a direction of a verdict, and thereby all questions of fact were submitted to the court for determination. It must be presumed therefore, in support of the judgment, that the court found all controverted questions in favor of the defendants. It follows that the court is presumed to have found that the plaintiff voluntarily surrendered the possession of the cab to the defendants; that the defendants took possession at the suggestion of the plaintiff, and that the plaintiff assigned as a reason for this course that it was not worth the amount unpaid upon it. On these facts therefore no question is presented with respect to the right of a vendor and vendee, where a conditional sale is made, to stipulate that, in the event of a failure of the vendee to make the payments and of the vendor's retaking possession of the property, he may, without selling the property, as required by the statute, retain from the moneys paid on account of the purchase price the stipulated or reasonable rental value for the use of the property. Nor is it necessary to decide whether the instrument in question may, for the purpose of sustaining the judgment, be construed as a lease, or whether it should be deemed a conditional bill of sale.

We are of opinion that cases may arise in which it is competent for the party to waive the benefits of the statute, and that the facts in the case at bar, as found by the trial justice, present such a case. The statute was designed to protect vendees against overreaching vendors by preventing a vendor from exacting payments on the purchase price of personal property far in excess of the fair rental value for its use, and then retaking the property and forfeiting the payments made on account of the inability of the purchaser to complete the payments,

as agreed. Here there was no hardship. The plaintiff has only paid, approximately, the fair rental value for the use of the property, and we have his word for it that his equity in the property was of no value, for it was not worth the amount which he had agreed to pay. The Legislature has not attempted to supervise the agreements between vendors and vendees with respect to the value or purchase price of property, but only with respect to forfeitures of rights on account of nonpayment of installments where goods are sold on the installment plan. No public policy requires that the court on these facts should hold that it was not competent for the plaintiff to waive any rights that he might otherwise have under the statute (see Woodman v. Needham Piano Co., 47 Misc. Rep. 683, 94 N. Y. Supp. 371, and Warner v. Zuechel, 19 App. Div. 494, 46 N. Y. Supp. 569), and he should be deemed estopped from now asserting that the defendants should have sold the property, as if they had retaken the same against his will (Clark v. West, 193 N. Y. 349, 86 N. E. 1; Draper v. Oswego Co. Fire Relief Ass'n, 190 N. Y. 12, 82 N. E. 755).

Had plaintiff stood upon his rights and insisted that he had an equity in the property, the defendants might not have deemed it to their advantage to take the property back, and thus incur the trouble and expense of a public sale under the statute and of accounting to plaintiff. We therefore place the decision upon that ground and refrain from expressing an opinion on any other question.

It follows therefore that the judgment should be affirmed, with costs.

McLAUGHLIN and HOUGHTON, JJ., concur.

INGRAHAM, J. I dissent. I think this was clearly a conditional sale, and that the parties so intended. If all of the so-called "rent" had been paid, the title would have vested in the plaintiff. It was therefore a sale conditioned upon the rent being paid, and was a conditional sale of the property. The defendants have received a certain amount on account, and Lien Law, § 116 (chapter 418, p. 541, Laws 1897, as amended by chapter 762, p. 1624, Laws 1900), applies. The vendor can at any time relieve himself from liability by complying with the statute and selling the property.

I think the judgment should be reversed.

SCOTT, J., concurs.