### HURLEY v. ALLMAN GAS ENGINE & MACHINE CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. BANKRUPTCY (§ 246*) — CONDITIONAL SALES — LIMITATIONS OF BUYER — WAIVER.

   Acquiescence by a trustee in bankruptcy of a conditional buyer to the removal of goods by the seller after default *held* not a waiver of the buyer's rights under Personal Property Law (Consol. Laws 1909, c. 41) §§ 65, 66, 67, requiring a conditional seller of personalty who takes possession on default to hold the property for 30 days in which the buyer may still perform, and to sell the property at auction within the next 30 days, in default of which the buyer may recover any payments made by him.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 246.*]

2. SALES (§ 481*)—CONDITIONAL SALES—CONSTRUCTION OF CONDITIONS AS BETWEEN PARTIES—CONDITION SUBSEQUENT—WAIVER.

   Personal Property Law (Consol. Laws 1909, c. 41) § 65, provides that, where articles sold under a contract of conditional sale are retaken by the seller, the buyer may comply with the terms of the contract and thereupon receive the property, and that, unless the seller disposes of the property at auction within 60 days after retaking it, the buyer may recover the amount paid on such property under the contract of conditional sale, and sections 66 and 67 describe the procedure at a sale after retaking. A contract of conditional sale provided that, upon default in payments, the seller should have the right to immediately resume possession of the property and remove it and to "declare the agreement terminated, and may retain all moneys paid hereunder as liquidated damages and rental" of the property, and, after the seller had retaken the property and retained it for over 60 days, the buyer's trustee brought

action to recover the amount paid by the buyer. *Held* that, as the contract was entirely silent as to a sale subsequent to a retaking, there was no express waiver of the buyer's statutory rights, and that, under the policy of the statute, none would be implied.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 481.*]

3. CONTRACTS (§ 108*)—VALIDITY—LEGALITY—PUBLIC POLICY.

Where a contract is against public policy, or where an agreement to waive, made in advance in an executory contract, is against public policy, it will not be enforced.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 498–503, 505, 507; Dec. Dig. § 108.*]

4. CONSTITUTIONAL LAW (§ 43*)—PERSONS ENTITLED TO WAIVE CONSTITUTIONAL QUESTIONS.

One may waive any right he possesses, even a constitutional right.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 41; Dec. Dig. § 43.*]

5. SALES (§ 452*)—CONDITIONAL SALES—CONSTRUCTION AND OPERATION OF CONTRACT—STATUTORY PROVISIONS AS PART OF CONTRACT.

The provisions of Personal Property Law (Consol. Laws 1909, c. 41) §§ 65–67, are to be read into every contract of conditional sale.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 452.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by John P. Hurley, trustee, against the Allman Gas Engine & Machine Company. From a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Fourth District, in favor of plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

John H. Taylor, for appellant.
Horace London, for respondent.

CARR, J. The defendant on March 1, 1910, sold to a corporation known as the Star Ice Cream Company two machines for making ice cream, under a written contract which provided that title to the machines should remain in the vendor until the full amount of the purchase price was paid, to wit, the sum of $550. The purchase price was made payable in installments. The vendee was subsequently forced into bankruptcy and adjudicated a bankrupt, and the plaintiff was appointed the trustee of the bankrupt's property. The trustee proceeded to sell at public auction, at the premises of the bankrupt corporation, its various machinery and other property. The ice cream machines in question were offered for sale subject to the terms of the contract of conditional sale, but no bids were made. At that time the amount remaining unpaid on the contract was the sum of $226.64, of which installments amounting to $112.78 had matured under the terms of said contract. The defendant on the day following the auction sale removed the machines in question, and has ever since retained them. The plaintiff sued to recover from the defendant the sum of $301 as the amount actually paid to the defendant by the conditional vendee under the contract of conditional sale aforesaid. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause of action is based upon section 65 of the personal property law (Consol. Laws 1909, c. 41), which provides as follows:

"Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee, or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

It is admitted by the defendant that it has not since it resumed possession of these machines sold them at public auction as provided in the statute. It resists on two grounds the liability therein imposed. First, it contends that the section in question does not apply to a case where the vendee voluntarily returns the property, and there is a mutual rescission of the contract; second, it claims that by the express terms of the contract of sale the conditional vendee had waived the provisions of the statute.

[1] As to the first ground, the evidence taken at the trial shows that, after the unsuccessful attempt of the trustee in bankruptcy to sell the bankrupt's interest in the machines, the defendant's representative, Weiner, asked leave from the trustee to remove the machines in question, and the trustee gave him permission to do so, leaving to the landlord of the premises, who was standing by, the fixing of the time in which the machinery was to be removed. As under the express terms of the contract of conditional sale the defendant had a legal right to resume possession of these machines, as the vendee was in default, the acquiescence of the trustee in the defendant's request to be allowed to remove them cannot be held to constitute a waiver or voluntary surrender of the trustee's legal interest therein, for it was the legal duty of the trustee under such circumstances to permit the defendant to retake the machines.

[2] As to the alleged waiver of the statute by the contract of conditional sale, the material provisions of the contract are as follows:

"In case of default in any one of such deferred payments above specified, or in case of removal of said goods or any part thereof without your consent, or in the event that I or we shall mortgage or part with the possession, voluntarily or involuntarily, without your consent, of said property or any part thereof, you shall have the right to immediately resume possession of said property wherever it may be found, and remove the same with or without process of law, and you may declare the agreement terminated and may retain all moneys paid hereunder as liquidated damages and rental for said goods."

This provision, the defendant asserts, constitutes a waiver of the provisions of section 65 of the personal property law, and likewise of the following sections, 66 and 67, which prescribe the conditions of the sale under section 65 and the disposition of the proceeds. In Wood-

man v. Needham Piano & Organ Co., 47 Misc. Rep. 683, 94 N. Y. Supp. 371, the Appellate Term in New York county held that quite similar language in a contract of conditional sale of a piano resulted in a waiver of the provisions of certain provisions of the lien law of 1897 (Laws 1897, c. 418), which are now sections 65, 66, and 67 of the personal property law. In Hoffman v. White Sewing Machine Co., 123 App. Div. 166, 108 N. Y. Supp. 253, a sewing machine had been sold under a contract of conditional sale, which, however, by its terms purported to be a lease, and the installment payments were described as "rent." On default of the vendee in making payments, the vendor retook the machine and neglected to sell it at public auction, and the vendee sued under the statute for the amount paid under the contract before default, and it was held that the vendor could not retain such payments, notwithstanding that the contract had described them as "rent."

An examination of the statutes relating to conditional sales shows that there has been much and continuous legislative effort to regulate the rights of the parties to such contracts, in view of the great development in extent of such sales and the numerous evils which sometimes attended them. The legislative policy declared in the lien law of 1897, and continued in the sections of the personal property law above cited, was that, in the event of a retaking by the vendor, there should be a sale at public auction under the provisions of the statute in order that the vendee might regain any excess in value of the article over the amount unpaid on the contract. Whether the law would uphold any agreement in the contract of conditional sale which attempted in advance to waive the provisions of the remedial statute has been doubted strongly. Roach v. Curtis, 115 App. Div. 765, 101 N. Y. Supp. 333; Id., 191 N. Y. 387, 84 N. E. 283. While the law recognizes a free right to contract, it will not enforce all contracts through its remedial processes.

[3] Where a contract is against the public policy of the state, it is unenforceable in the courts. Kneettle v. Newcomb, 22 N. Y. 249, 78 Am. Dec. 186; Rathbone v. N. Y. C. & H. R. R. R. Co., 140 N. Y. 48, 35 N. E. 418; Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; Matter of Brown, 176 N. Y. 132, 68 N. E. 145; Industrial & General Trust, Ltd., v. Tod, 180 N. Y. 215, 73 N. E. 7.

[4] It is true that one may waive any right he possesses, even a constitutional right (People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596, and cases cited), but an agreement to waive made in advance in an executory agreement will not be enforced when against the public policy (Kneettle v. Newcomb, ut supra; Litt v. Emery, 80 Hun, 380, 29 N. Y. Supp. 1146). There are some cases in which it has been held that some of the provisions of the statute in relation to the time or circumstances of a sale directed by the statute to be had by a vendor who retook property under a contract of conditional sale might be waived, but in none of these cases was there any attempt to waive, in advance, a subsequent sale itself, as provided by the statute. War-

ner v. Zuechel, 19 App. Div. 494, 46 N. Y. Supp. 569; Adler v. Weis & Fisher Co., 66 Misc. Rep. 20, 119 N. Y. Supp. 634; Montague v. Wanamaker, 67 Misc. Rep. 650, 124 N. Y. Supp. 805. In Fairbanks v. Nichols, 135 App. Div. 298, 119 N. Y. Supp. 752, there is considerable discussion as to whether a sale under the statute in question may be waived in advance by the contract of conditional sale, but the court, in sustaining a judgment in favor of a conditional vendor who had neglected to resell at public auction property retaken on a default under the terms of the contract of conditional sale, distinctly and exclusively rested its decision upon the ground that the conduct of the conditional vendee at the time of the retaking by the vendor constituted an estoppel against a claim that the property was surrendered voluntarily and not retaken in the sense of the statute. Even there, there was a dissent by two members of that court.

[5] In any event, the provisions of the statute are to be read into every contract of conditional sale. Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458. The clause in the contract in the case at bar, which is claimed to constitute a waiver, is entirely silent as to a subsequent sale as directed by the statute in question. There is therefore no express waiver of the statutory requirements. None should be implied as against the policy of the statute, assuming such a waiver in advance permissible. Roach v. Curtis, 191 N. Y. 387, 391, 84 N. E. 283.

The judgment of the Municipal Court in favor of the plaintiff should be affirmed, with costs. All concur.