WURTZEL v. PROVIDENT LOAN SOCIETY OF NEW YORK.

(Supreme Court, Appellate Term. December 22, 1911.)

TRIAL (§ 384*)—TRIAL BY COURT—DISMISSAL AND NONSUIT.

The trial justice cannot give judgment for defendant at the close of plaintiff's case, as he is not then acting as judge and jury, but only as judge, to determine whether or not plaintiff has made out a prima facie case, with power only, in case plaintiff has then failed to prove his cause of action, to dismiss the complaint without prejudice to a new action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 900; Dec. Dig. § 384.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Wurtzel against the Provident Loan Society of New York. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Robson & Simpson, for appellant.

De Forest Bros., for respondent.

LEHMAN, J. The plaintiff made out a complete prima facie case of conversion against the defendant. At the close of plaintiff's case the defendant moved to dismiss the complaint, and the trial justice granted the motion, and gave judgment for the defendant and against the plaintiff, although the defendant had presented no evidence and had not rested.

The defendant urges that the trial justice was acting as judge and jury, and, having heard the story of the plaintiff's witnesses, he refused to believe them, and therefore properly gave judgment for the defendant. The error in this view is that at the close of the plaintiff's case the trial justice had no such power. He was not then acting as judge and jury, but only as judge, to determine whether or not the plaintiff had made out a prima facie case. If the plaintiff had then failed to prove his cause of action, he could dismiss the complaint, but only without prejudice to a new action.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.