(78 Misc. Rep. 188.)

### LESSER v. KIVOWITZ.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

COURTS (§ 189*)—MUNICIPAL COURTS—DISMISSAL FOR FAILURE OF PROOF—FORM OF JUDGMENT.

　　Under Municipal Court Act (Laws 1902, c. 580) § 248, providing that judgment dismissing the action without prejudice to a new action shall be rendered, where plaintiff does not prove his cause of action, and section 249, providing that judgment dismissing the action on the merits may be rendered where, at the close of the whole case, the court is of the opinion that plaintiff is not entitled to recover as a matter of law, where defendant moved to dismiss the complaint for failure of proof, and rested without giving testimony, judgment absolute against plaintiff was erroneous, and should be modified to dismiss the complaint without prejudice.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Selig Lesser against Elkonan Kivowitz. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Jacob Stone Freedman, of New York City, for appellant.
Cohen & Shiverts, of New York City, for respondent.

PER CURIAM. The plaintiff herein claimed ownership of certain chattels, and to have obtained his title thereto by virtue of a chattel mortgage upon which the mortgagor defaulted. The pleadings were oral, and the answer a general denial. At the close of the plaintiff's case, the defendant moved to dismiss the complaint, upon the ground that plaintiff had failed to prove damages, and also that the property shown to have been in the possession of the defendant was not the same property covered by the mortgage. This motion was denied, and the defendant thereupon rested, without giving any testimony.

The court below rendered a judgment absolute against the plaintiff, and in favor of the defendant. A judgment of this character can only be given when it appears from the whole case that the plaintiff cannot recover as a matter of law. Section 249, Municipal Court Act (Laws 1902, c. 580); Sultan v. Misrahi, 47 Misc. Rep. 655, 94 N. Y. Supp. 519. In the case at bar the plaintiff failed in his proof, and the judgment should have been without prejudice to a new action. Section 248, Municipal Court Act.

Judgment modified, by providing that the complaint be dismissed, with costs, but without prejudice to a new action, and, as modified, affirmed, without costs of this appeal to either party.