(82 Misc. Rep. 610.)

QUATTRONE v. SIMON.

(City Court of New York, Trial Term. November, 1913.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—RENDITION—EVIDENCE.

A judgment for defendant, entered at the close of plaintiff's case in an action brought in the Municipal Court of the City of New York to foreclose a lien upon chattels, sold under a written contract of conditional sale, was unauthorized, where the defendant did not rely on plaintiff's case or introduce any evidence; the only disposition the justice was authorized to make under the circumstances being to dismiss the complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. JUDGMENT (§ 577*)—RES JUDICATA—VOID JUDGMENT.

An unauthorized judgment for defendant, entered at the close of plaintiff's case in an action to foreclose a lien on chattels sold under a condi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tional sale contract, was not res judicata in a subsequent action between the same parties to recover payments made by plaintiff on account of such contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1005, 1007; Dec. Dig. § 577.*]

3. SALES (§ 481*)—CONDITIONAL SALES—REMEDIES OF SELLER—RECOVERY OF PAYMENTS BY BUYER.

Where a seller sued to foreclose a lien given by a conditional sale contract, in strict compliance with Municipal Court Act (Laws 1902, c. 580) § 139, and seized and disposed of the chattels after judgment, his failure to retain the property for 30 days after retaking and to sell it at public auction after 30 days, as provided by Personal Property Law (Consol. Laws 1909, c. 41) § 65, did not render him liable to the buyer for the purchase money paid; compliance with section 65 not being required in such case.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. § 481.*]

Action by Angelo Quattrone against Morris Simon to recover money paid on a conditional sale of pool tables. Judgment for defendant.

Thomas B. Bresnahan, of New York City, for plaintiff.
Hamilton Anderson, of New York City, for defendant.

GREEN, J. This action is brought by the plaintiff against the defendant to recover the sum of $285 paid by the plaintiff to the defendant on account of a conditional sale of pool tables, and which pool tables were subsequently retaken by the defendant. The case was tried before the court without a jury. The pool tables and appurtenances were sold by the defendant to the plaintiff under a conditional bill of sale, the title not to vest in the vendee until the tables had been paid for. The vendee defaulted in payment of certain installments, and the vendor brought an action in the Municipal Court to foreclose a lien upon the chattels under section 139 of the Municipal Court Act (Laws 1902, c. 580). In that action a warrant of seizure was obtained, the marshal took possession of the chattels pending the trial, and, the plaintiff having obtained judgment, the chattels were sold, leaving a small deficiency against the vendee of the chattels. The plaintiff in the action at bar now insists that he is entitled to recover the installments paid to the defendant upon the ground that the defendant failed to comply with section 65 of the Personal Property Law (Consol. Laws 1909, c. 41), in that defendant failed to retain the property for 30 days after the retaking, and failed further to sell the property at public auction within 30 days after the expiration of the period first mentioned as provided by statute. The defendant in this action admits noncompliance with the provisions of section 65 of the Personal Property Law, but contends that having brought his action to foreclose a lien upon the chattels, as provided by section 139 of the Municipal Court Act, he is not required to comply with section 65 of the Personal Property Law, and having, as defendant claims, complied with all the provisions of the Municipal Court Act, and the property having been seized and disposed of accordingly after judgment, section 65 of the Personal Property Law has no application. The point raised is

novel, and my attention has not been directed to any authority upon the question under consideration, and I know of no decision upon the subject. The question involved in the case at bar is pregnant with grave possibilities and consequences, and, if defendant's contention be held to be correct, the beneficent effect of the provisions of the Personal Property Law in relation to the retention of property retaken and notice of sale at public auction as therein provided will be substantially annihilated.

[1, 2] The defendant's further contention is that a certain judgment of the Municipal Court between these same parties is res judicata upon the questions involved in the case at bar, and I shall consider the latter point first as being more readily disposed of. An action identical, or substantially identical, with the case at bar between the same parties was brought in the Municipal Court, and at the close of the plaintiff's case defendant's counsel moved to dismiss the complaint, and the court said: "Motion granted at the end of plaintiff's case, without prejudice of course." The defendant in the Municipal Court did not rest on plaintiff's case, nor did defendant put in any evidence, but the court nevertheless in making a disposition of the case signed the judgment in these words, "Judgment for the defendant at close of plaintiff's case," and it is because of this disposition in the Municipal Court that the defense of res judicata is set up in the case at bar. I am of the opinion that this defense is untenable herein, and that the justice of the Municipal Court was absolutely without power or authority to make the disposition in the judgment hereinbefore referred to. All he had the right or power to do under the facts in the case before him was to dismiss the complaint and to enter under his hands the disposition accordingly, and this court has the power to examine and investigate the entire record in order to determine whether the judgment was on the merits. See Stecher v. Ind. Order, 45 Misc. Rep. 340, 90 N. Y. Supp. 332; Seed v. Johnston, 63 App. Div. 340, 71 N. Y. Supp. 579. As to the want of power of the Municipal Court to make the disposition it finally did in its judgment, the case of Hano & Co. v. Heller (Sup.) 123 N. Y. Supp. 22, is in point, and in that case the court said:

"The plaintiffs rested, having failed to prove its cause of action, and judgment absolute was given for the defendant against the plaintiffs. The judgment should have been directed dismissing the complaint, without prejudice to a new action (citing numerous cases). There is no merit in respondent's contention that this judgment was authorized if the court believed that the plaintiffs could not recover as a matter of law. As shown by the authority he cites (Bowen v. Farley, 113 App. Div. 767 [99 N. Y. Supp. 205]), such judgment is only authorized 'where, at the close of the whole case, the court is of opinion that the plaintiff is not entitled to recover as a matter of law' (Municipal Court Act, § 249, subd. 1). Had defendant introduced any evidence, or rested his case without introducing evidence, there would have been some merit in his position."

See, also, Wurtzel v. Provident Loan Socy. (Sup.) 132 N. Y. Supp. 334; Levine v. Public Bank (Sup.) 132 N. Y. Supp. 330; Lesser v. Kivowitz, 78 Misc. Rep. 188, 137 N. Y. Supp. 859.

In view of the facts adduced in the Municipal Court case, the rec-

ord and the judgment, and in view of the authorities, I conclude that the defense of res judicata must therefore fail.

[3] There remains consequently but one question to be decided in this case, and that is whether the defendant's procedure to foreclose a lien under the Municipal Court Act protects him in an action for money paid as installments under a conditional bill of sale when he concededly fails to comply with section 65 of the Personal Property Law. Section 65, art. 4, of the Personal Property Law is part of chapter 45 of the Laws of 1909. It is a re-enactment of section 116 of the Lien Law (Laws of 1897, c. 418), and provides as follows:

"Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

Its object is apparent, it is just and humane, and the purpose was that:

"In the event of a retaking by the vendor there should be a sale at public auction under the provisions of the statute in order that the vendee might regain any excess in value of the article over the amount unpaid on the contract." Hurley v. Allman Gas Engine & Mach. Co., 144 App. Div. 304, 129 N. Y. Supp. 17.

But I find nothing in section 65 of the Personal Property Law, nor in any section of article 4 of this law, of which it forms a part, which confines the vendor of articles sold under a conditional sale agreement, the vendee being in default, to the provisions of said section 65, when the action is brought in the Municipal Court of the City of New York, strange as this exception may seem. An action to foreclose a lien on a chattel is now, and has been for many years, permissible in courts of record as well as in inferior courts. The subject was covered by sections 1737 to 1741, inclusive, of the Code of Civil Procedure, but is now contained in sections 206 to 210, inclusive, of the Lien Law (Consol. Laws, c. 33). With the enactment of the Municipal Court Act, sections 137 to 142 (Laws of 1902, c. 580), the provisions of the Code (§§ 1737–1740) became applicable to the Municipal Court of the City of New York, with this addition, that there was incorporated therein a new provision, known as section 139 of said Municipal Court Act, as follows:

"Action on conditional sale agreement, etc.; how brought. No action shall be maintained in this court, which arises on a contract of conditional sale of personal property: A hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum; or a chattel mortgage made to secure the purchase price of chattels; except an action to foreclose the lien, as provided in this article. For the purpose of this section an instrument in writing as above stated shall be deemed a lien upon a chattel. Provided,

however, that an action may be maintained to recover a sum or sums due and payable for installment, payment or hiring, but in such cases no order of arrest shall issue."

This section (139) was re-enacted in 1910 (Laws of 1910, c. 542), one year after the re-enactment of section 116 of the Lien Law into section 65 of the Personal Property Law (Laws of 1909, c. 45); the only change being to omit the word "written" before the word "contract" on the second line of the original act. This section of the Municipal Court Act creates an anomalous and extraordinary situation, for it creates a lien for the purpose of foreclosure in an action brought in that court by a vendor under a contract of conditional sale, which does not exist in a court of record, for, "at common law, where there had been a sale of goods upon condition that title should not pass until payment of the purchase price in full, the vendor had no lien on the goods for the purchase money, since one could not have a lien on his own property." See Nelson v. Gibson, 143 App. Div. 894, 129 N. Y. Supp. 702; Earle v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178, affirmed 157 N. Y. 683, 51 N. E. 1090. In other words, while an action to foreclose a lien upon the given facts in the case at bar would lie in the Municipal Court of the City of New York under section 139 of the Municipal Court Act, supra, such action would not lie if brought in the Supreme Court or any other court of record. And whether such section is unconstitutional in denying the equal protection of the law to all persons, and in being special legislation and consequently discriminatory, I do not now decide; but in view of the manifest importance of the section, as it appears in conflict with section 65 of the Personal Property Law, the question of constitutionality is one which should be disposed of in the first instance by the Supreme Court. The retaking of the chattels in the action to foreclose the lien was under the warrant of the court, and the retaking contemplated by section 65 of the Personal Property Law is a retaking by the vendor himself or his successor in interest under the right to do so conferred by the conditional bill of sale, and not a retaking under a writ or warrant of seizure, or under an execution upon a judgment by a marshal of the city of New York.

In the case of Sigal v. Hatch Co., 61 Misc. Rep. 332, 113 N. Y. Supp. 818, which was the taking of property, the subject of a conditional sale, by a city marshal in replevin, the court said:

"The taking by the marshal was not a taking by the defendant. The marshal was an officer of the court executing a writ issued out of the court. His taking placed the property in custodia legis, and not in the custody of the vendor, who had given a bond for the return of the property in the event of a judgment against him."

And it has been held by a long line of authorities that the acts of a sheriff, constable, or marshal in seizing and selling property of another under process issued by a court of competent jurisdiction in an action are not the acts of the person in whose favor such process is issued for which he is responsible. See Fischer v. Hetherington, 11 Misc. Rep. 575, 32 N. Y. Supp. 795; Welsh v. Cochran, 63 N. Y. 181, 20 Am. Rep. 519; Bowe v. Wilkins, 105 N. Y. 331, 11 N. E. 839; Siersema v. Meyer, 38 Misc. Rep. 358, 77 N. Y. Supp. 901; Milella v. Simpson,

47 Misc. Rep. 690, 94 N. Y. Supp. 464; Clark v. Woodruff, 83 N. Y. 525.

Counsel for the plaintiff has cited a number of cases in which the higher courts have referred to the beneficence of the provisions of section 65 of the Personal Property Law, and in which the courts have held that that section is to be read into every contract of conditional sale, and that the provisions may not be waived (Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. [N. S.] 458; Roach v. Curtis, 191 N. Y. 387, 84 N. E. 283; Crowe v. Liquid Carbonic Co., 208 N. Y. 396, 102 N. E. 573; Hurley v. Allman, 144 App. Div. 300, 129 N. Y. Supp. 14; Plumiera v. Bricka, 79 Misc. Rep. 468, 140 N. Y. Supp. 171); but in no case cited were the facts the same as in the case at bar. This case is sui generis, and, if section 139 of the Municipal Court Act be constitutional and a valid enactment, then defendant in complying therewith as he did was not required to comply with section 65 of the Personal Property Law. I therefore award judgment for the defendant, and let it be entered accordingly. I desire to take this opportunity of expressing the court's sincere appreciation of the able and elaborate briefs submitted by counsel, and which have not alone aided the court, but have spared it many hours of labor. Plaintiff may have 10 days' stay and 30 days to make a case after notice of entry of judgment.

Judgment accordingly.